MEMO ENDORSED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JANE DOE, N.G. 1,**

Plaintiff,

**Case No: 7:26-cv-06656**

**v.**

**APPLE INC.,**

Defendant.

Defendant shall file any opposition by Friday, August 14, 2026. Plaintiff shall file any reply by Friday, August 21, 2026. Plaintiff shall serve Defendant with the motion for leave to proceed under pseudonym (ECF No. 4) and a copy of this Endorsement. and note service on the docket.
Dated: August 7, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

Plaintiff Jane Doe, N.G. 1 ("Plaintiff"), by and through her undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 10(a) and the inherent authority of this Court for an Order permitting her to proceed in this action under the pseudonym "Jane Doe, N.G. 1" in all publicly filed documents and proceedings. Plaintiff's true identity would be disclosed only to defense counsel and the Court under an appropriate protective mechanism. In support of this Motion, Plaintiff states as follows:

**STATEMENT OF FACTS**

This action arises from claims of negligence, strict products liability (design defect), and violation of New York General Business Law § 349, stemming from Apple Inc.'s ("Apple" or "Defendant") design, manufacture, and marketing of the Apple

AirTag® ("AirTag") tracking device, which was used to stalk and track Plaintiff and her minor children.

Plaintiff resides in Middletown, Orange County, New York. At all times relevant to this action, Plaintiff had an active order of protection specifically for stalking, issued by the Orange County Family Court, arising out of her relationship with a former romantic partner. Because of ongoing fear of being tracked and surveilled by her former partner, Plaintiff had installed security cameras in her home and lived in a state of chronic fear and discomfort.

On or about March 15, 2025, Plaintiff was driving with family members, including her minor children, throughout the day in Middletown, New York. In the evening, upon returning home and pulling into her driveway, Plaintiff received an alert on her iPhone notifying her that an unknown AirTag appeared to be traveling with her. The notification included a map depicting Plaintiff's location history for the day and informed her that the AirTag had been tracking her since approximately 3:41 a.m. that morning—meaning Plaintiff and her children had been tracked for the entire day without her knowledge.

Plaintiff did not receive Apple's notification until approximately twelve hours after the AirTag began tracking her, consistent with well-documented notification-delay defects in the AirTag system. On information and belief, the AirTag was hidden on Plaintiff's vehicle by her former romantic partner—the same individual who was the subject of the existing order of protection for stalking.

Plaintiff reported the incident to the Middletown Police Department in March 2026. Responding officers searched Plaintiff's vehicle and were able to obtain a tracking alert localized to the hood of her car. However, the AirTag's owner remotely disabled or turned off the device—on at least the third such attempt—while officers were actively searching, thereby preventing them from physically locating and recovering the AirTag as evidence.

As a direct result of being tracked by means of Apple's AirTag, Plaintiff suffered severe emotional and psychological harm, including debilitating anxiety. Plaintiff was placed on anti-anxiety medication by her physician as a direct consequence of the tracking incident. Plaintiff was hospitalized after experiencing symptoms she believed to be a heart attack, which was later determined to be a panic attack caused by the severe anxiety resulting from the AirTag tracking and the knowledge that her stalker was monitoring her movements despite the existence of a court-ordered protection order.

Plaintiff continues to fear further tracking and surveillance, especially given the pre-existing order of protection and history of stalking by her former partner. Plaintiff has suffered and continues to suffer ongoing loss of enjoyment of life, invasion of her and her children's sense of security and privacy, and severe emotional distress.

## LEGAL ARGUMENT

### I. The Court Has Discretion to Permit Pseudonym Litigation

Although Federal Rule of Civil Procedure 10(a) generally requires that parties identify themselves in their pleadings, this requirement is not absolute. The Second

Circuit has recognized that, in exceptional circumstances, a plaintiff may proceed anonymously when the need for privacy outweighs the customary practice of open judicial proceedings. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). The decision whether to permit a party to proceed under a pseudonym is committed to the sound discretion of the trial court. *Id*. at 189.

## II. The Second Circuit's Multi-Factor Test Favors Pseudonym Status

In *Sealed Plaintiff*, the Second Circuit identified the following non-exhaustive factors to guide the exercise of discretion in determining whether to permit a party to proceed pseudonymously: (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable, such as minor children; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant would be prejudiced by allowing the plaintiff to press claims anonymously; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose identity; (9) whether there exists a clearly combative relationship between the parties; and (10) whether the defendant would similarly combative response. *Sealed Plaintiff*, 537 F.3d at 189–90. Application of these factors to the present case strongly supports Plaintiff's request to proceed under a pseudonym.

### A. The Litigation Involves Matters of the Utmost Intimacy.

This action arises from stalking by means of a concealed AirTag placed on Plaintiff's vehicle by her former romantic partner—the same individual against whom Plaintiff held an active order of protection for stalking—which enabled that individual to track Plaintiff and her minor children for an entire day. The action necessarily involves disclosure of deeply personal information about domestic violence, stalking, an order of protection, and Plaintiff's efforts to protect herself and her children from ongoing abuse. See *Sealed Plaintiff*, 537 F.3d at 190 (recognizing that pseudonym status is warranted when disclosure would compel revelation of the most intimate aspects of a plaintiff's life). This factor weighs heavily in favor of pseudonymity.

**B. Plaintiff Would Risk Suffering Injury If Identified.**

Plaintiff faces a concrete, demonstrated risk of physical and psychological harm if her identity is publicly disclosed. Her former partner has a documented history of stalking, culminating in an active order of protection issued by the Orange County Family Court. Despite that order, the stalker placed a concealed AirTag on Plaintiff's vehicle and tracked her and her minor children for an entire day. When law enforcement attempted to locate the device, the stalker remotely disabled it—demonstrating both technological sophistication and a willingness to obstruct efforts to protect Plaintiff. Public disclosure of Plaintiff's identity in this lawsuit could reveal her current location or provide other identifying details, enabling the stalker to locate her once more and heightening the risk of physical retaliation. Plaintiff has already been hospitalized as a result of the severe anxiety caused by the tracking. The risk is not speculative; it is supported by the stalker's demonstrated willingness to violate a

court order of protection. See *Sealed Plaintiff*, 537 F.3d at 190 (considering risk of retaliatory harm from identification). This factor weighs strongly in favor of pseudonymity.

**C. The Injury Litigated Against Would Be Incurred as a Result of Disclosure.**

This factor is particularly significant here. The very harm Plaintiff seeks to redress—covert stalking and tracking that invaded her privacy and endangered her safety—would be perpetuated and exacerbated by public disclosure of her identity. Plaintiff's former partner has demonstrated the ability to track her using technological means, even in violation of a court-issued order of protection. When police attempted to locate the AirTag, the stalker remotely disabled the device, demonstrating active, real-time monitoring. Public identification of Plaintiff in court filings would provide a direct avenue for her abuser to confirm her location, continue his surveillance, and further endanger Plaintiff and her children. In other words, the injury litigated against would literally be incurred as a result of the disclosure of Plaintiff's identity. See *Sealed Plaintiff*, 537 F.3d at 190. This factor weighs decisively in favor of pseudonymity.

**D. Minor Children Are Directly Affected by This Litigation.**

Plaintiff's minor children are directly involved in the events giving rise to this action—they were in the vehicle with Plaintiff on the day she was tracked for approximately twelve hours by a concealed AirTag. Although the children are not named plaintiffs, their identities would be effectively revealed through public identification of Plaintiff. Courts afford heightened protection where the safety and

privacy of minors are implicated. See *Sealed Plaintiff*, 537 F.3d at 190. This factor weighs in favor of pseudonymity.

**E. This Action Is Not Against a Government Entity, but This Factor Does Not Outweigh the Others.**

This action is brought against Apple, a private corporation, rather than a governmental entity. The Second Circuit has noted that pseudonym status may be somewhat less warranted in suits against private parties. *Sealed Plaintiff*, 537 F.3d at 190. However, this factor alone is not dispositive, and where the other factors weigh strongly in favor of anonymity—as they do here—suit against a private party does not preclude pseudonym status. Moreover, Plaintiff proposes to disclose her true identity to defense counsel and the Court, eliminating any prejudice to Defendant. This factor is neutral or weighs only slightly against pseudonymity.

**F. Plaintiff Does Not Seek to Conceal Illegal Conduct.**

Plaintiff does not seek anonymity to conceal her own illegal conduct. To the contrary, Plaintiff is the victim of criminal stalking by another individual and seeks pseudonym status solely to protect herself and her minor children from the ongoing threat posed by her abuser. This factor is neutral.

**III. The Balance of Factors Overwhelmingly Favors Pseudonym Status**

Weighing all of the applicable factors, the balance tips decisively in favor of permitting Plaintiff to proceed under a pseudonym. The highly sensitive nature of the allegations (stalking by a former partner in violation of an order of protection), the demonstrated risk of physical harm and further tracking, the direct involvement of

minor children, and the fact that disclosure itself would perpetuate the very injury litigated against collectively far outweigh the general presumption of open proceedings. Courts in this Circuit have routinely granted pseudonym status in analogous cases involving domestic violence, stalking, and threats to the safety of vulnerable plaintiffs and minors. See *Sealed Plaintiff*, 537 F.3d at 190–91.

**PROPOSED SAFEGUARDS**

Plaintiff respectfully requests that the Court enter an Order permitting her to proceed as "Jane Doe, N.G. 1" throughout this litigation and in all publicly filed documents. To ensure that Defendant's rights are fully protected, Plaintiff proposes the following safeguards:

1. Plaintiff's true identity shall be disclosed to defense counsel and the Court;
2. Any documents containing Plaintiff's true identity shall be filed under seal or in a separate confidential notice to the Court and Defendant;
3. Defense counsel shall be bound by an appropriate confidentiality agreement or protective order not to publicly disclose Plaintiff's identity; and
4. Plaintiff's pseudonym shall be used in all publicly accessible filings, docket entries, and proceedings.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Motion for Leave to Proceed Under the Pseudonym "Jane Doe, N.G. 1" and enter the accompanying Proposed Order.

Respectfully submitted,

/s/ Panida Anderson
Panida Anderson
BAILEY GLASSER, LLP
1055 Thomas Jefferson St. NW
Suite 540
Washington, DC 20007
Phone (202) 463-2101
Fax (202) 463-2103
panderson@baileyglasser.com

D. Todd Mathews (pro hac vice forthcoming)
BAILEY GLASSER, LLP
210 W. Division St., Bldg. 2
Maryville, IL 62062
Phone: 618-418-5180
tmathews@baileyglasser.com

Lee A. Floyd (pro hac vice forthcoming)
FLOYD LAW
626 East Broad Street, Suite 300
Richmond, Virginia 23219
Phone: (804) 529-0000
Fax: (804) 529-0009
lee@floydpc.com

*Counsel for Plaintiff Jane Doe, N.G. 1*

**Local Rule 1.3 Certificate of Conferral**

I, Panida Anderson, certify in good faith that I am not aware of the identity of counsel for Defendant Apple Inc. in this matter and therefore I was unable to confer with Defendant prior to the filing of this motion. Once counsel for Defendant has been selected and I am made aware of that Counsel's identity, I will work to meet and confer on this issue.

/s/ Panida Anderson