USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 09/16/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE, N.G. 1,

Plaintiff,

-against-

APPLE INC.,

Defendant.

No. 26-cv-06656 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Jane Doe, N.G. 1 moves for leave to proceed under a pseudonym in this action to protect her identity from public disclosure. The motion is unopposed. For the following reasons, Plaintiff's motion is GRANTED.

**LEGAL STANDARD**

Fed. R. Civ. P. § 10(a) provides in relevant in part that the caption of a complaint or pleading must name all the parties. This requirement serves the purpose of facilitating public scrutiny of judicial proceedings and should not be set aside lightly. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-189 (2d Cir. 2008). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). There are, however, limited exceptions which permit the use of pseudonyms. *See Smith v. Edwards*, 175 F.3d 99, 99 n.1 (2d Cir. 1999) (permitting the use of a pseudonym to protect the privacy interest of a plaintiff who was a minor).

In *Sealed Plaintiff*, the Second Circuit adopted the Ninth Circuit's approach regarding the use of pseudonyms and aliases in pleadings, namely that "a party may preserve his or her

anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs (1) prejudice to the opposing party and (2) the public's interest in knowing the party's identity." 537 F.3d at 189 (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)).

When undertaking such a balancing test, district courts should consider: (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties;" (3) "whether identification presents other harms and the likely severity of those harms;" (4) "whether the plaintiff is particularly vulnerable to the possible harms of disclosure;" (5) "whether the suit is challenging the actions of the government or that of private parties;" (6) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;" (7) "whether the plaintiff's identity has thus far been kept confidential;" (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;" (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.* at 190 (internal citations omitted). While these factors are non-exhaustive, consideration of such factors assists the court in balancing the competing interests of public scrutiny of judicial proceedings, plaintiff's interest in anonymity, and prejudice to the opposing party. *Id.* at 189-90. Additionally, courts have discretion in the granting of an application to prosecute an action under a pseudonym. *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996) ("It is within a court's

discretion to allow a plaintiff to proceed anonymously.").

**DISCUSSION**

Plaintiff seeks leave to proceed under the pseudonym "Jane Doe, N.G. 1" because public disclosure of her identity would allegedly expose her and her minor children to an increased risk of further stalking and surveillance by her former romantic partner. (ECF No. 4.) The motion is unopposed. Upon consideration of the relevant *Sealed Plaintiff* factors, the Court concludes that Plaintiff's interest in anonymity outweighs both the public interest in disclosure of her identity and any potential prejudice to Defendant.

Several factors weigh strongly in favor of permitting Plaintiff to proceed pseudonymously. *First*, this litigation concerns matters that are highly sensitive and personal in nature. Plaintiff alleges that her former romantic partner, against whom she had obtained an order of protection for stalking, concealed an AirTag on her vehicle and used it to track Plaintiff and her minor children for approximately twelve hours without her knowledge. (*Id.* at 5.) Such circumstances implicate substantial privacy and safety interests. *Second*, disclosure of Plaintiff's identity presents a risk of further physical and psychological harm to both Plaintiff and her minor children. Plaintiff alleges that her former partner has a documented history of stalking, culminating in an active order of protection. (*Id.* at 5-6.) Public disclosure of Plaintiff's identity in this lawsuit could provide identifying details about her life, enabling the former partner to locate her once more and heightening the risk of retaliation. *See Doe v. Solera*, 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019). Further, minor children are directly affected by this litigation as disclosure of Plaintiff's identity would effectively cause the disclosure of the minor children's identities. *Smith*, 175 F.3d at 99 n.1.

To be sure, this action is brought against a private corporation rather than a governmental

entity, a consideration that weighs against anonymity. *See Sealed Plaintiff*, 537 F.3d at 190. However, Defendant does not oppose the motion nor does the Court discern meaningful prejudice to Defendant from allowing Plaintiff to proceed pseudonymously. Plaintiff proposes to disclose her true identity to Defendant's counsel and the Court, thereby permitting Defendant to investigate the allegations and defend this action with knowledge of Plaintiff's identity. The use of a pseudonym therefore restricts disclosure principally to the public rather than to Defendant itself.

Finally, the public retains access to the substance of the parties' claims, the relevant evidence, and the Court's adjudication of this action notwithstanding Plaintiff's use of a pseudonym. Under these circumstances, the public interest in knowing Plaintiff's particular identity is comparatively limited and does not outweigh the safety and privacy interests implicated by disclosure. Moreover, because Plaintiff's identity may be disclosed to the Court and Defendant while remaining confidential from the public, pseudonymity provides an appropriate mechanism for protecting those interests without materially interfering with the conduct of the litigation.

Accordingly, upon consideration of the relevant *Sealed Plaintiff* factors, and particularly the sensitive nature of the allegations, the alleged risk of further harm to Plaintiff and her minor children, the absence of meaningful prejudice to Defendant, and the limited public interest in disclosure of Plaintiff's identity, the Court concludes that the balance weighs in favor of permitting Plaintiff to proceed under the pseudonym "Jane Doe, N.G. 1."

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED. Plaintiff is instructed to disclose her identity to defense counsel and the Court, and Plaintiff is permitted to proceed under the pseudonym "Jane Doe, N.G. 1." Defendant is ordered to maintain the confidentiality of Plaintiff's identity by using only the pseudonym "Jane Doe, N.G. 1" in all filings, including all

exhibits in which her name appears. The Court further directs the parties to file any documents containing Plaintiff's identity under seal in order to maintain Plaintiff's anonymity. The Court further directs the parties to enter into an appropriate confidentiality agreement not to publicly disclose Plaintiff's identity. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 4.

Dated: September 16, 2026
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE